IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

EUNICE HUSBAND,

    Plaintiff,

v.                                                                Civil Action No. 2:10cv4

HARRELL WATTS, K.M. WHITE,
JOE DRIVER, JON CROGAN,
LEONARD ODIDO, LORNA KING,
BRAD TRATE, THOMAS WATSON,
DERRICK MOSLEY, MATTHEW DOYLE,
KEVIN KAMICKER, NEAL SHULTZ,
STEVEN EIRICH, ROBERT FABER,
ANTONIO JORGE, MICHAEL DULEY,
ERIC PHILLIPS and WILLIAM HOZAPFEL,

    Defendants.

## ORDER

On April 22, 2011, Magistrate Judge James E. Seibert filed his Report and Recommendation (R&R) (Doc. 76), wherein the plaintiff was directed, in accordance with 28 U.S.C. § 636(b)(1), to file with the Clerk of Court any written objections within fourteen (14) days after being served with a copy of the R&R. On May 10, 2011, plaintiff filed his Objections to the Magistrate's R&R (Doc. 78). Upon examination of the report from the Magistrate Judge, it appears to the Court that the issues raised by the plaintiff in his Complaint, brought pursuant to ***Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971), wherein plaintiff alleges that he was physically assaulted by correctional officers, were thoroughly considered by Magistrate Judge Seibert in his Report and Recommendation, as were the issues raised by defendants in their Motion to Dismiss or, in the Alternative, Motion for Summary Judgment.

Upon review of the plaintiff's objections, this Court finds that the plaintiff has not

raised any issues that were not already throughly considered and correctly addressed by the Magistrate Judge in his R&R. Plaintiff argues in his objections that he has exhausted his administrative remedies with regard to all named defendants. However, this Court has reviewed the administrative record in this matter and agrees with the Magistrate Judge's finding that the plaintiff did not name defendants Watts, White, Driver, Crogan, Odido, King, Trate and Watson at each of the required steps of the Bureau of Prisons grievance process, which thus prevents him from appealing these issues further. See 28 C.F.R. § 542.15(b)(2) ("An inmate may not raise in an Appeal issues not raised in the lower level filings. An inmate may not combine Appeals of separate lower level responses (different case numbers) into a single Appeal."). Accordingly, this Court finds that the plaintiff did not exhaust his administrative remedies with regard to these defendants, and his objection is overruled.

Plaintiff also argues in his objections that defendants Watts, White, Driver, Crogan, Odido, King and Trate are personally responsible for the acts of those they supervise and that they have a duty to provide a safe environment for plaintiff. However, as noted by the Magistrate Judge in his R&R, personal involvement on the part of the defendants must be shown to establish a claim for violation of a constitutional right in a *Bivens* case. See, e.g., *Zatler v. Wainbright*, 802 F.2d 397, 401 (11th Cir. 1986). Respondeat superior cannot form the basis for a claim under §1983. See *Rizzo v. Good*, 423 U.S. 362 (1976). This Court agrees with the Magistrate Judge in finding that the plaintiff cannot make any claim of personal involvement on the part of defendants Watts, White, Driver, Crogan, Odido, King and Trate, and the plaintiff's objection is overruled.

In his next objection, plaintiff continues to argue that he was subjected to excessive

2

force and that the defendants should not be dismissed. Upon review, this Court agrees with the Magistrate Judge that the medical records reveal that the plaintiff suffered only *de minimus* injury, at most. While the Court notes that whether defendant used excessive force is not dependent upon the extent of plaintiff's injuries, this Court cannot reasonably infer that the defendants maliciously and sadistically used excessive force upon plaintiff in an attempt to cause him harm. *See e.g.* **Hudson v. McMillian**, 503 U.S. 1, 7 (1992) (holding that when evaluating if excessive force was used, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."). Given that the plaintiff was found in possession of contraband, this Court finds, in agreement with the Magistrate Judge, that the force used was applied in a good-faith effort to maintain or restore discipline, and therefore not actionable. Plaintiff's objection is overruled.

In his final objection, plaintiff continues to argue that Defendant Shultz made racial comments to him that amount to racial discrimination. However, as set forth by the Magistrate Judge, verbal attacks do not violate the constitution and cannot form the basis of a § 1983 claim. Therefore, plaintiff's objection is overruled.

Accordingly, this Court, upon an independent *de novo* consideration of all matters now before it, is of the opinion that the R&R accurately reflects the law applicable to this case. Therefore, it is

**ORDERED** that Magistrate Judge Seibert's R&R (Doc. 76) be, and the same hereby is, **ADOPTED**. Accordingly, it is

**ORDERED** that the defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Doc. 54) shall be, and the same is hereby, **GRANTED**. It is further

3

**ORDERED** that the plaintiff's Complaint (Doc. 1) shall be, and the same hereby is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted. It is further

**ORDERED** that the above-styled action shall be **STRICKEN** from the docket of this Court. It is further

**ORDERED** that the Clerk shall enter judgment for the defendants. It is further

**ORDERED** that, if plaintiff should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $450.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, the plaintiff may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court of Appeals for the Fourth Circuit.

**DATED:** May 13, 2011.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE